THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* ALSINA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution for Conspiracy.

No. 694.—Decided May 17, 1915.

CONSPIRACY — INCENDIARISM — INFORMATION.—An information charging the accused with having conspired to defraud certain insurance companies, or juridical persons, of their property by setting fire to and removing insured merchandise, is not vague but specific and contains all the elements constituting the offense of conspiracy as defined in section 62 of the Penal Code.

INFORMATION—JURISDICTION—PRESUMPTION.—When the record fails to show the date on which the accused were arrested in order to enable the court to decide whether the information was filed within the time prescribed by law and therefore to determine whether the court had jurisdiction of the case, it must be presumed that the information was filed within the legal period.

ID.—CONSPIRACY—INCENDIARISM.—After an examination of the information in this case it was held that although it alleges facts which of themselves alone tend to establish the crime of incendiarism, it may be inferred from the information as a whole that the *fiscal* charged the defendants with the offense of conspiracy only.

FELONY—MISDEMEANOR—MERGER.—A misdemeanor which is a part of a felony may be punished as a misdemeanor although the felony is accomplished.

TRIAL—SUSPENSION OF TRIAL—DISCRETION OF COURT.—At the beginning of the trial of this case one of the defendants moved for the peremptory dismissal of the prosecution on the ground that more than the 120 days prescribed by subdivision 2 of section 448 of the Code of Criminal Procedure had elapsed, and the court overruled the motion on the ground that there was a good cause for delaying the trial, viz., that although the case had been set for trial within the 120 days it was suspended upon motion of the *fiscal* on the ground that he had received a telegram on the day set for the trial requiring him to investigate a fire which had occurred in one of the towns of his district. *Held:* That the lower court did not abuse its discretion in considering the said cause to be a good ground for suspending the trial and, consequently, in refusing to dismiss the prosecution.

CONSPIRACY—INSURANCE COMPANIES—REGISTRATION IN OFFICE OF SECRETARY OF PORTO RICO—EVIDENCE.—In a prosecution for a public offense the principal element which should be proven is the intention of the accused. If the defendants in this case conspired to defraud the insurance companies and by their own acts acknowledged the existence of said companies, they cannot evade criminal liability by shielding themselves later behind the fact that no direct evidence was introduced at the trial to show that said companies were registered in the office of the Secretary of Porto Rico when the policies of insurance were issued.

ID.—EVIDENCE—STRIKING OUT TESTIMONY.—It is no ground for striking out the testimony of a witness for the prosecution in a trial for conspiracy to commit the crime of fraudulent destruction of insured property that the said testimony referred to acts which took place after the fire and not to acts committed for the purpose of carrying out the alleged conspiracy, when the witness is called to prove, as evidence of the guilt of one of the accused, that the latter absented himself from the city at the moment of the fire.

APPEAL.—Appellate courts can consider only the grounds of objections which are stated at the proper time in the trial court.

EVIDENCE—FORMAL OPENING FOR DEFENSE—ACCUSED AS WITNESS.—It is before the defendants enter upon their defense and not after that the court, on the applicaion of the prosecuting attorney, may direct any defendant to be discharged so that he may be a witness for The People, but the mere fact

that a witness for the defendants was allowed to testify at their request while the prosecution was introducing its evidence does not imply a formal opening of the case for the defense.

The facts are stated in the opinion.

*Messrs. Rafael Martínez Nadal* and *Alfonso Lastra Charries* for the appellants.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken by Benigno Colón Pacheco and Carlos Ferrer Rodríguez from a judgment of the District Court of Ponce convicting them of the crime of conspiracy and sentencing the former to pay a fine of $500 or, in default thereof, to imprisonment for six months, and the latter to pay a fine of $200 or, in default thereof, to imprisonment for three months.

The pertinent part of the information upon which the prosecution is based reads as follows:

"The *fiscal* charges Francisco Alsina, Benigno Colón Pacheco and Carlos Ferrer Rodríguez with the crime of conspiracy, a misdemeanor, committed in the following manner: In or about the month of July, 1913, the said accused Francisco Alsina, Benigno Colón Pacheco and Carlos Ferrer Rodríguez, in the city of Ponce of this judicial district, unlawfully, maliciously and wilfully conspired to commit the crime of fraudulent destruction of insured property, a felony, by destroying by fire the insured stock of merchandise belonging to a commercial firm composed of the accused Alsina and Colón Pacheco and styled F. Alsina & Co., Ltd., which stock of merchandise was insured against loss by fire in the London and Lancashire Fire Insurance Company and the Guardian Assurance Company, Ltd., both with headquarters in London, England, and offices in San Juan, Porto Rico, and legally authorized to do business in this Island of Porto Rico, for the sums of $5,000 and $10,000 respectively, or a total in both companies of $15,000. The policies were issued on June 6, 1913, for one year—that is, to expire on June 6, 1914—and it was the intention of the said defendants in conspiring to commit the said crime to cheat and defraud the said companies, as civil persons, of their property, amounting in the case of the London and Lancashire Fire Insurance Company to $5,000 and of the Guardian Assurance Company, Limited, to $10,000, for which purpose they placed tins of

gasoline and petroleum in the said commercial establishment and set fire to the said stock of merchandise; likewise with the deliberate, malicious, unlawful and wilful intention of cheating and defrauding the said companies, or civil persons, they removed beforehand and conveyed a part of the said insured merchandise to the commercial establishment of the other defendant, Carlos Ferrer Rodríguez, in Juana Díaz."

From the transcript of the record brought up to this court it appears that the information was demurred to on the following grounds: (1) That it was vague; (2) that the facts stated therein did not constitute a public offense; (3) that the court had no jurisdiction of the case because the information had not been filed within the time prescribed by law; (4) that the defendants were charged with more than one offense; (5) that the information was ambiguous; and (6) that as it is inferred from the information that the accused committed the greater crime of felony, the lesser crime of conspiracy, a misdemeanor, should be considered as merged therein.

The ruling of the court on the demurrer is not shown in the transcript of the record, but as the case went on to trial we must presume that it was adverse to the contentions of the accused.

1 and 2. The first and second grounds of demurrer clearly are without foundation. Under the title "Conspiracy" the Penal Code in force in Porto Rico provides in section 62 that if two or more persons conspire, among other things, to cheat and defraud any person of any property by any means which are in themselves criminal, they are punishable by imprisonment in jail not exceeding one year or by a fine not exceeding $1,000, or both, and a perusal of the information is sufficient to show that it charges the defendants in a specific and not in a vague manner with an act which is clearly comprised within the penal statute cited—that is, of having conspired to defraud certain insurance companies,

or juridical persons, of their property by removing and setting fire to insured merchandise.

3. We have not sufficient data upon which to decide the third ground of demurrer. The date on which the defendants were arrested is not shown and, in the absence of proof to the contrary, we must presume that the information was filed within the time fixed by law.

4 and 5. Regarding the fourth and fifth grounds of demurrer, we will say that although the information alleges facts which of themselves alone tend to establish the crime of incendiarism, it is deduced from the information as a whole that the *fiscal* charged the defendants with the offense of conspiracy only.

6. The sixth and last ground of demurrer raises a question of law which has been the subject of the broadest and most careful study in England and the United States and on which the decisions of the courts are conflicting.

There is conflict of authority as to whether conspiracy to commit a felony is merged in the greater offense when the object of the conspiracy is accomplished. According to a number of decisions, when the felony which is the object of the conspiracy is committed, the conspiracy, being a misdemeanor, is merged in the felony. There are, however, many decisions which reach a contrary conclusion and hold that a misdemeanor which is a part of a felony may be punished as a misdemeanor although the felony is accomplished. 8 Cyc., 644.

One of the most interesting cases in support of the latter theory which we have consulted is that of *State* v. *Setter* (Connecticut), reported in 14 A. S. R., 121.

The only question argued before the court in that case was whether the crime of conspiracy to commit larceny, as charged in the information, was merged in the crime of larceny which was actually committed as shown by the evidence introduced at the trial. The court held that notwithstanding the result of the evidence, the crime of conspiracy could

be prosecuted and punished, as in fact it was. In the course
of its opinion the court said:

"Mr. Bishop, in his treatise on the criminal law (7th ed., sec.
814), after discussing the rule that a conspiracy merges in a felony,
remarks: 'The doctrine, the reader perceives, is contrary to just
principle; it has been rejected in England, and though there may
be states in which it is binding on the courts, it is not to be deemed
the general American law.' Professor Wheaton (Criminal Law, 8th
ed., sec. 1344) says: 'The technical rule that a misdemeanor always
sinks in the felony when the two meet has in some instances been
recognized in this country, though without good reason   *   *   *.'
And in several of our courts a disposition has been exhibited to reject
the doctrine in all cases. See cases cited below.

"In England, the doctrine that a conspiracy to commit a felony
is merged in the felony itself has been expressly rejected. Lord Den-
man, in rendering the judgment of the court of queen's bench in
*Regina* v. *Button,* 11 Q. B., 929, said: 'Misdemeanor which is a part
of a felony may be prosecuted as a misdemeanor, though the felony
has been completed.' The case was one where the defendants were
charged with a conspiracy to commit a theft, and the evidence tended
to show that the theft had been actually committed. *Regina* v. *Neale,*
1 Den. C. C., 36, is to the same effect." 14 Am. St. Rep., 124–125.

The opinion of this court on the point was clearly stated
in the case of *The People* v. *Díaz et al.,* decided March 27,
1915, where it was held that conspiracy may be punished
although the crime which was the object of the conspiracy
was committed. We ratify the opinion delivered in the said
case and hold, therefore, that the district court did not err
in overruling the sixth and last ground of demurrer.

Having disposed of the said grounds of demurrer in the
manner set forth, we will proceed to the consideration and
decision of the exceptions taken during the trial and set out
in the bill of exceptions which forms a part of the transcript
of the record, confining our reasonings herein to those which
were argued before this court by counsel for the defendants.

A. At the beginning of the trial defendant Colón, by his
attorney, moved for a peremptory dismissal of the prose-
cution on the ground that more than the 120 days prescribed

by subdivision 2 of section 448 of the Code of Criminal Procedure had elapsed, and the court overruled the motion on the ground that although the said 120 days had expired there was good cause for delaying the trial of the case.

It appears from the transcript of the record that after the information had been filed the case was set for trial within the period of 120 days, but at the moment of beginning the trial the *fiscal* specially in charge of the prosecution of the case received a telegram informing him that a fire had occurred in one of the towns within his district. The *fiscal* brought this to the attention of the court and moved that the trial be suspended. One of the defendants acquiesced but the other two opposed the motion, which the court sustained. Such was the reason for delaying the trial.

We are of the opinion that the court did not abuse its discretion in finding the said cause to be a good ground for a continuance, for of the two duties of the *fiscal* it could conclude that the investigation of the fire required the most immediate attention. As a general rule it is very difficult to discover evidence in crimes of incendiarism and experience teaches that in many instances it has been possible to secure said evidence by active, intelligent and immediate investigation of the case.

B. In introducing his evidence the *fiscal* offered two certificates issued by the Secretary of Porto Rico attesting that the fire insurance companies, the London and Lancashire Insurance Company and the Guardian Assurance Company, Limited, had been registered in his office as companies organized and doing business in Porto Rico, without stating the date of their registration. Counsel for defendants Colón and Ferrer objected, contending that the said certificates did not establish the fact that said companies were authorized to do business in the Island on the date when the offense was committed. The court admitted the certificates as *prima facie* evidence of the existence of the companies.

According to the opinion which we have formed in this

case, the allegation in the information that the companies were registered in the office of the Secretary of Porto Rico was superfluous, but even if it were not it cannot be sustained, in our opinion, in view of all the circumstances, that the district court committed any fundamental error in admitting the certificates in evidence. This is a prosecution for a public offense and in such a case the principal element which should be proven is the intention of the accused. If the defendants conspired to defraud the insurance companies and by their own acts acknowledged their existence, they cannot evade criminal liability by shielding themselves later behind the fact that no direct evidence was introduced at the trial to show that said companies were registered in the office of the Secretary of Porto Rico when the policies of insurance were issued. In the case of *Lamas & Méndez* v. *Betancourt,* 16 P. R. R., 265, this court held that ''Where a defendant denies in his answer the existence of the plaintiff firm and during the introduction of evidence he acknowledges that he had transacted business with the firm and had an account on the books thereof, he cannot continue to deny its existence and allege that it has not been proven that such a firm did exist on the ground that no public instrument showing its constitution was presented.'' (Syllabus.)

Observe what witness Rodolfo del Valle said regarding the attitude of defendant Colón, attorney in fact of Alsina & Company, in relation to one of the insurance policies. He testified as follows:

''That when the fire occurred the policy was in force; that he received a telegram from San Juan instructing him to cancel the policy and as he was in the country at the time he received it, he called up Tristani by telephone and asked him to do him the favor of making an examination of the stock of merchandise of F. Alsina & Company, and in view of the report which Tristani gave him he replied to the general agent in San Juan that he thought the report received by the said agent was somewhat exaggerated, but was of the opinion that in the interest of the company the policy should be canceled forthwith by telegraph; that by reason of his report he

received a letter from San Juan ordering the cancellation, which reached him the same day after the fire had taken place; that on the strength of the letter he had an interview with defendant Benigno Colón and said to him that in accordance with his instructions to tell him that the policy had been canceled, it was no longer in force, and that he should admit the cancellation although the fire had taken place; whereupon Colón replied that he did not admit it because he regarded the policy as still in force; that the said interview took place on the day of the fire at 9 a. m.; that he also told him to look at the date of the letter of cancellation and Colón replied that he considered the policy to be in force and that the cancellation had arrived too late; that he handed the letter of cancellation to Colón with the balance of the premium due him, but he refused to accept it.''

In our opinion the conclusions which we shall reach in considering the error assigned in the appellants' brief under letter C may be applied also in support of the opinion that the district court, in view of all the attendant circumstances, did not commit the error assigned under letter B.

C. The appellants maintain that the court erred in admitting in evidence the two insurance policies referred to in the information, basing their contention on the ground that the policies were not properly authenticated because the capacity of the insurance companies had not been proved.

The policies were admitted in the following manner: The *fiscal* offered in evidence the record of *habeas corpus* proceeding No. 1330, instituted by Francisco Alsina in the District Court of Ponce, the policies having been made a part of said record at the instance of counsel for the petitioner, who was one of the defendants in this action. If this fact be taken into account and also the fact that Félix Tristani, the representative in Ponce of the firm of Villar & Company of San Juan, the agents of the Guardian Assurance Company, identified at the trial one of the policies as showing the contract entered into between the insurance company and the firm of Alsina & Company, and that Rodolfo del Valle, the agent in Ponce of The London and Lancashire Insurance

Company, also identified the other policy at the trial as show-
ing the contract entered into between the company which
he represented and the firm of Alsina & Company, it must
be concluded that the policies were sufficiently authenticated
and that the court committed no error in admitting them in
evidence in this action.

D. The appellants also maintain that the court erred in
overruling the motion made by defendant Colón to strike out
the testimony of witness Aurelio Fernández because it re-
ferred to acts which took place after the fire and not to acts
committed for the purpose of carrying out the alleged con-
spiracy. Witness Fernández was called by the prosecution
to prove that defendant Colón, who moved later to strike
out his testimony, absented himself from Ponce at the mo-
ment of the fire, the prosecution considering that that act
was an indication of the guilt of Colón. The court ruled
that "the testimony should remain in the record in order
that it might be considered for what it was worth in connec-
tion with the other evidence in this case."

These being the facts, we cannot, see that the court erred
in ruling that the testimony of Fernández should not be
stricken out. The jurisprudence cited by the appellants in
their brief is not applicable. All of it refers to the acts and
testimony of a conspirator admitted in evidence against a
co-conspirator, while in this case the act of Colón was testi-
fied to as direct evidence of the guilt of the principal and
not of that of another person.

E. The appellants also maintain that the court erred in
admitting in evidence an extract of the account current of
Noriega, Alvarez & Company against F. Alsina & Company.
In stating the ground of the exception it is said in the brief
that it was because the said evidence was secondary and it was.
not shown that the best evidence, namely, the original books
of the firm, could not be produced. However, it appears
from the bill of exceptions prepared by the appellants and
approved by the trial court that defendant Colón objected

"because the witness himself (the partner of Noriega who was being interrogated regarding the account at the time it was presented in evidence) testifies that he is not a bookkeeper and cannot swear that it is absolutely correct," and defendant Ferrer further objected "because even admitting it (the account) the *fiscal* would have to prove that the books kept by the firm of Noriega are well kept and that those of the firm of Alsina are not."

The idea of the prosecution in introducing the said account was to show that differences existed between the books of F. Alsina & Company and those of Noriega, Alvarez & Company and that such differences were due to the purpose of F. Alsina & Company to make such fictitious entries in their books as were necessary to carry out the scheme adopted for the better accomplishment of the fraud which was intended to be committed upon the insurance companies.

An appellate court can consider only the grounds of objection which are stated at the proper time in the trial court (*Falero et al.* v. *Falero,* 15 P. R. R., 111; *The People* v. *Asencio,* 16 P. R. R., 337), hence we cannot rule upon the exception under consideration on the basis that the secondary character of the evidence offered was alleged. And as to the grounds actually alleged, we will say that they are entirely without merit. That Noriega was not a bookkeeper is immaterial. He was a member of the firm of Noriega, Alvarez & Company and was clearly in a position to testify concerning the business transactions between his firm and that of Alsina. It is customary to render accounts current with the warning, E. and O. E., which means, errors and omissions excepted; and undoubtedly that was the significance of the words of the witness when he said that he could not swear that the account was absolutely correct. Nor was it necessary to prove before admitting the account that the books of Noriega were well kept and that those of Alsina were not. The evidence of itself was one of the mediums through which the judge might reach that conclusion and

ascertain the motive which F. Alsina & Company had for not keeping their books correctly—that is, for falsifying the facts in the accounts contained therein.

F. The appellants contend that the court erred in allowing co-defendant Francisco Alsina to testify as a witness for the prosecution after Matías Vidal had testified for the defense and after the admission in evidence for the defense of a circular of the firm of F. Alsina & Company, when the defense had made no stipulation with the *fiscal* and the latter had not objected to the introduction of said evidence for the defense.

The facts occurred in the following manner: The prosecution was examining its evidence and witness Matías Vidal was testifying as a mercantile expert. When he concluded the defense asked the court to allow them to examine him at that time as their witness because he was urgently needed elsewhere. The prosecution made no objection and the court granted the request. Then the witness testified that he had not known defendant Colón as a member of the firm of F. Alsina & Company but as its attorney in fact, and to that effect he identified a circular of F. Alsina & Company wherein it appeared that Colón was really an attorney in fact and not a partner. After that interrogation the remainder of the evidence for the prosecution was examined.

Section 239 of the Code of Criminal Procedure, which is the law applicable to the question involved, reads as follows:

"When two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the prosecuting attorney, direct any defendant to be discharged, that he may be a witness for the people."

The language of the statute is clear. It is before the defendants enter upon their defense that the discharge may be ordered and not after; but, in our opinion, it cannot be held in this case that by reason of the fact stated the admission of evidence for the defense had formally begun. The testi-

mony in behalf of the defense given by the witness for the prosecution, Matías Vidal, was merely an interruption of the evidence for the prosecution allowed at the request of the defendants for the personal convenience of a witness, and therefore did not amount to a formal opening of the case for the defense. If the theory of the appellants were accepted, then we should have to conclude also that the introduction of the evidence for the defense had begun within the meaning of section 239 of the Code of Criminal Procedure when, for example, one of its witnesses being obliged to absent himself before the trial, the defense asks for and obtains leave from the court to take his testimony in accordance with law, and the inconsistency of such a conclusion is evident at first sight.

G. The appellants finally maintain in their brief that the court erred in weighing the evidence, as it was not sufficient to sustain a verdict of guilty.

To narrate even in the most abridged form possible the testimony of the eighteen witnesses for the prosecution and the thirteen witnesses for the defense would be to extend this opinion unnecessarily.

We deem it sufficient to say that we have examined carefully all the evidence introduced and, in our opinion, the guilt of defendant Colón is so clear that it does not even admit of argument; and although the evidence is not so strong as regards defendant Ferrer, it cannot be held that it is insufficient to support the judgment rendered against him.

From all the evidence it appears that Francisco Alsina, managing partner of the firm of F. Alsina & Company of Ponce, and Benigno Colón, attorney in fact of the same firm, formed a conspiracy to defraud two fire insurance companies and for that purpose began by insuring the stock of the firm in the said companies. This done, the evidence tends to show that defendants Colón and Alsina falsified the books of the firm in such a way that an examination would convey

the impression that the value of the stock corresponded to the amount for which the merchandise was insured, which is contrary to the facts, for the stock was being taken out of the store and sent to the stores of Luis Ojeda and defendant Ferrer, where the goods continued to be the property of F. Alsina & Company although apparently belonging to Ojeda and Ferrer.

Defendant Ferrer was aware of the conspiracy and took part in it by accepting the merchandise of F. Alsina & Company in the manner indicated and by purchasing a certain number of tins of gasoline which were taken to the store of F. Alsina & Company, opened and placed in such places as would cause the fire, after it had been started, to spread rapidly and destroy the little stock which remained and apparently the merchandise insured. The fire started but was discovered by the neighbors in time to be extinguished before the evidence of the crime had been entirely obliterated. The testimony of the prosecuting attorney, Acosta Quintero, contains such full and precise details as to the appearance of the store after the fire that it is of itself sufficient to warrant the conclusion that it was an intentional and carefully prepared act.

The attorneys for the appellants objected to the testimony of accomplice Alsina and contended that it did not deserve credence. We have considered it and find it logical and complete. Moreover, the trial judge who heard the defendant's testimony and who, therefore, had occasion to observe him personally, also gave it credence, and we must do so also in the absence of clear proof that the trial court committed error.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.